### In re PETITION TO SET ASIDE THE NOMINATION PETITION OF Joseph J. O'HARA.

### Elizabeth A. Sichler, Petitioner.

Commonwealth Court of Pennsylvania.

Heard March 27, 2002.
Decided April 5, 2002.

Elizabeth A. Sichler, petitioner, pro se.

Joseph J. O'Hara, respondent, pro se.

Before: SIMPSON, Judge.

OPINION BY Judge SIMPSON.

Before the Court is a petition filed by Elizabeth A. Sichler to set aside the nomination petition of Joseph J. O'Hara as a candidate in the Republican Party primary election for the 117th District of the Pennsylvania General Assembly. Although Sichler challenged O'Hara's nomination petitions on numerous grounds, at the hearing before this Court on March 27, 2002, Sichler and O'Hara agreed that the issue raised by Sichler in paragraph 5 of her petition was dispositive and that this was the only issue upon which the Court need rule.

In paragraph 5 of the petition, Sichler alleged that the nomination petitions circulated by Joseph F. O'Hara[1] failed to conform with Section 6 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2868, because the circulator was not a registered member of the Republican Party at the time the petitions were circulated. A review of the two nomination petitions circulated by Joseph F. O'Hara indicates that electors signed the petitions between February 25, 2002 and March 4, 2002.

Sichler subpoenaed Kevin J. Jordan, Director of the Department of Voter Services for the Luzerne County Board of Elections (Board). Jordan testified regarding the voter registration process in Luzerne County. We admitted without objection copies of voter registration applications kept by Jordan as the record custodian for the Board. Included in the copies was the voter registration application of Joseph F. O'Hara mailed to the Board. In block 8 of the application, O'Hara indicated that he

---

**1.** Joseph F. O'Hara is apparently the father of respondent Joseph J. O'Hara.

wished to be registered as a member of the Republican Party. The application evidences a postmark of February 25, 2002 and a date received stamp by the Board of February 26, 2002.

Because Section 909 of the Pennsylvania Election Code, *as amended,* 25 P.S. § 2869, requires that members of the party circulate petitions for party nominations, we must determine the date Joseph F. O'Hara became a member of the Republican Party. The Pennsylvania Election Code and related laws, however, do not specify the time at which an elector is qualified to circulate a nominating petition.

█ We bear in mind that the Pennsylvania Election Code must be liberally construed so as not to deprive an individual of his or her right to run for office or the voters of their right to elect the candidate of choice. *In re Nomination Petitions of McIntyre,* 778 A.2d 746 (Pa.Cmwlth.2001). We seek guidance from the Pennsylvania Voter Registration Act (PVRA), Act of June 30, 1995, P.L. 170, 25 P.S. §§ 961.101–961.5109, enacted to ensure compliance with changes in voter registration procedures following the implementation of the National Voter Registration Act of 1993 (NVRA), P.L. 103–21, 42 U.S.C. §§ 1973gg–1—1973gg–10. The NVRA, commonly referred to as the "Motor Voter Law," provided for varying methods of registration, including among others, registration at the time an individual applies for a driver's license. The PVRA therefore has different procedures to be followed by local election boards or commissions depending upon the method the individual uses for registration.

Section 524 of the PVRA, 25 P.S. § 961.524, provides for application by mail.

Section 526 of the PVRA, titled "Time," 25 P.S. § 961.526, provides for the administration of voter registration and a determination of eligibility of an applicant to vote in an election. Section 526(b), titled "Deadlines," requires each registration commission ensure "that any eligible applicant is registered to vote in an election when the applicant has met any of the following conditions." 25 P.S. § 961.526(b). Subsection (b)(2) determines the deadline when one registers to vote by mail. It provides:

> In the case of registration by mail under section 524, if the valid *voter registration mail application is postmarked* not later than the deadline to register for the ensuing election or, in the case of an illegible or missing postmark, it is received not later than five days after the deadline to register for the ensuing election. (Emphasis added).

25 P.S. § 961.526(b)(emphasis added). In the case of registration by mail, the local election Board is to look at the postmark date for determination of eligibility to vote in an election.

We acknowledge that Section 528 of PVRA, titled "Approval of registration applications," provides procedures for verifying the accuracy of a voter's registration application. 25 P.S. § 961.528. Section 528 is the process by which the statutory registration approval is finalized. After processing, a mailed application may be rejected for various reasons. Upon approval, however, eligibility to vote is established not by the acceptance date but by the postmark on the application and relates back to that time.[2] By analogy, we hold that upon approval an application to register as a member of a political party

---

**2.** Section 528(d) provides for the transmission and content of an elector's voter identification card. Subsection (d)(3) states, among other things, that "[n]o registration application shall be deemed to be accepted until ten days after the voter's identification card has been mailed." 25 P.S. § 961.528(d)(3).

relates back to the postmark on the mailed application.

The postmark date of the application mailed to the Board by Joseph F. O'Hara is February 25, 2002. Upon approval, his status as a member of the Republican Party relates back to that date. The nomination petitions circulated by him do not contain any signature dated before February 25, 2002. As a result we find no merit in the objections set forth in paragraph 5 of the petition.

In accordance with the stipulation of the parties for disposition of the petition, the petition is denied and dismissed.

### ORDER

AND NOW, this 5th day of April, 2002, the Petition to Set Aside the Nomination Petition of Joseph J. O'Hara is denied and dismissed. Each party shall bear his or her own costs.